**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID M. BRANDT,<br>        Appellant, | DOCKET NUMBER<br>SF-1221-25-0094-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>        Agency. | DATE:  April 2, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

David M. Brandt, Riverside, California, pro se.

Mickel-Ange Eveillard, Esquire, Los Angeles, California, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

At all times relevant to this appeal, the appellant was a Nurse Practitioner in the Primary Care Unit with the agency's Veterans Health Administration in Loma Linda, California. Initial Appeal File (IAF), Tab 6 at 165. On June 14, 2024, the appellant submitted an anonymous letter to the agency's Office of Inspector General (OIG), as well as to the Board of Vocational Nursing and Psychiatric Technicians and the California Board of Registered Nursing, alleging that another nurse in the Primary Care Unit, D.A., had engaged in "sexual misconduct with a patient, administer[ed] incorrect medications and vaccines, and extensive[ly] falsifi[ed] . . . veteran patient records," and that his supervisor, T.B., had taken no action in response to reports of D.A.'s misconduct.[2] *Id.* at 80-81. He also alleged that T.B. instructed another Primary Care Nurse, E.F., to access the appellant's personal medical records and take a screenshot of them. *Id.* at 80. Ten days later, on June 24, 2024, E.F. and T.B., along with another Primary Care Nurse, S.L., reported that the appellant had made rude, threatening, and sexually charged comments to women in the workplace. *Id.* at 24-27, 32, 39. E.F., T.B., and S.L. also filed an incident report with the Veterans Affairs Police.[3] *Id.* at 56-58.

On June 25, 2024, the appellant was notified that, effective June 26, 2024, he would be detailed to the Emergency Department and Inpatient Services. *Id.* at 123. Subsequently, on June 26, 2024, he received notice that he would be detailed to the Care in the Community Service unit. *Id.* at 124. The agency also conducted a fact-finding investigation, which substantiated a portion of the allegations against the appellant. *Id.* at 27; IAF, Tab 13 at 16.

---

[2] The appellant appears to have also sent the letter to the Attorney General of California, but the appellant has not raised this disclosure before the Board. IAF, Tab 6 at 80.

[3] T.B. is listed as the complainant in the incident report, and E.F. and S.L. are listed as the victims. IAF, Tab 6 at 56-58.

On July 6, 2024, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging whistleblower reprisal, and after OSC issued its close-out letter, the appellant filed a timely IRA appeal. IAF, Tab 2, Tab 6 at 88-99. The administrative judge notified the appellant of his jurisdictional burden in an IRA appeal and provided the appellant with the opportunity to provide evidence or argument establishing Board jurisdiction. IAF, Tab 4. After the parties responded, the administrative judge issued an initial decision dismissing the IRA appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1 at 1, Tab 16, Initial Decision (ID) at 1, 16. Specifically, although the administrative judge found that the appellant made a nonfrivolous allegation that he engaged in a protected activity by filing an OIG complaint, he found that the appellant did not establish that his OIG complaint was a contributing factor in the agency's decision to detail him. ID at 15-16.

The appellant has filed a petition for review, arguing, among other things, that the administrative judge erred in excluding certain claims, such as his disclosures to the state nursing boards; that his OIG complaint contributed to the agency's systemic retaliation efforts through fabricated complaints, details, and the denial of an award from a nongovernmental entity; and that the agency violated his due process rights because it excluded relevant evidence from its agency file. Petition for Review (PFR) File, Tab 1 at 5-29. The agency has filed a response, and the appellant has replied. PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C.

§ 2302(a). *McCray v. Department of the Army*, 2023 MSPB 10, ¶ 11. A protected disclosure is one which the employee "reasonably believes evidences[:] (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety . . . ." 5 U.S.C. § 2302(b)(8)(A). The proper test for determining whether an employee had a reasonable belief that his disclosure was protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 14; *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 28 (2014).

The decision regarding whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing must be based on whether the employee alleged sufficient facts, accepted as true, to state a claim that is plausible on its face. *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367, 1369 (Fed. Cir. 2020). While the agency's documentary submissions may be considered to give context or background to the appellant's claims, the evidence may not be weighed against the appellant's evidence, and the agency's evidence may not be dispositive. *See id.* at 1369 n.5; *Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 10 (2016). Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6. Still, an appellant's allegations must be more than vague, conclusory, unsupported assertions of wrongdoing. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016); *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

For the reasons set forth below, we find that the appellant has made a nonfrivolous allegation of Board jurisdiction. First, we agree with the

administrative judge that the appellant exhausted his administrative remedies with respect to his claim that, in retaliation for his June 14, 2024 OIG complaint and disclosures to the state nursing boards, the agency detailed him, subjected him to a retaliatory investigation, created a hostile work environment, and suppressed or otherwise interfered with his receipt of an award from a nongovernmental entity. Next, while we agree with the administrative judge that the appellant made a nonfrivolous allegation that he engaged in a protected activity by filing an OIG complaint, the administrative judge did not address the disclosures that the appellant made to the state nursing boards. Therefore, after reviewing the record, we find that the appellant also made a nonfrivolous allegation that he made a protected disclosure to the state nursing boards, and that his protected disclosure was a contributing factor in the agency's decision to detail him and in creating a hostile work environment. Finally, we find that the appellant is entitled to discovery on the issue of whether his OIG complaint was a contributing factor in the agency's decision to detail him and in the creation of a hostile work environment.

<u>The appellant did not prove that he exhausted the personnel actions that arose after OSC issued its close-out letter.</u>

As stated above, the administrative judge found that the appellant proved that he exhausted his administrative remedies regarding his June 14, 2024 OIG complaint and disclosures to the state nursing boards, as well as his two details, his claims of retaliatory investigation and hostile work environment, and his assertion that the agency suppressed or otherwise interfered with his receipt of an award from a nongovernmental entity. ID at 8. The administrative judge, however, excluded several personnel actions on the grounds of exhaustion—specifically, a proposed reprimand, an admonishment, and a report made against the appellant to California's Board of Registered Nursing—finding that the actions occurred after OSC closed out its investigation and thus could not have been exhausted. *Id.* On review, the appellant challenges the administrative

judge's finding excluding those personnel actions, arguing that the actions taken by the agency after OSC closed its investigation are "direct extensions of the retaliation campaign against [him]." PFR File, Tab 1 at 8.

An employee seeking corrective action for whistleblower reprisal is required to seek corrective action from OSC before seeking corrective action from the Board. 5 U.S.C. § 1214(a)(3); *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. *Chambers*, 2022 MSPB 8, ¶ 10. The appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. *Id.*, ¶ 11. The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Id.*, ¶ 10.

Even considering the appellant's assertion that the proposed reprimand, the admonishment, and the report to the state nursing board were extensions of his exhausted retaliatory investigation or hostile work environment claim, the appellant does not dispute that these actions occurred after OSC concluded its investigation. In other words, the appellant could not have provided OSC with a sufficient basis to pursue an investigation into personnel actions that had not yet occurred and that he was not otherwise aware would occur. *See, e.g., Marshall v. Department of the Navy*, 81 M.S.P.R. 305, ¶ 15 (1999) (finding that the appellant did not exhaust matters occurring after OSC closed its complaint), *aff'd as modified on other grounds on recons.*, 84 M.S.P.R. 676 (2000); *cf. Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015) (stating that a disclosure that occurs after the personnel action at issue cannot be considered a contributing factor in that personnel action). Accordingly, the Board lacks jurisdiction over these personnel actions in the instant IRA appeal.[4]

---

[4] The appellant has since exhausted some of these personnel actions, which form the basis of his second appeal pending before the Board, MSPB Docket No. SF-1221-25-1314-W-1. The petition for review in that appeal will be addressed in a separate decision.

<u>The appellant made nonfrivolous allegations that he engaged in protected activity by filing an OIG complaint and made a protected disclosure in reporting several nurses to the state nursing boards.</u>

Under 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to OIG or OSC is protected regardless of its content as long as the disclosure is made in accordance with applicable provisions of law. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Accordingly, we agree with the administrative judge that the appellant made a nonfrivolous allegation that he engaged in protected activity by filing the June 14, 2024 OIG complaint. ID at 10. However, the administrative judge did not consider whether the appellant nonfrivolously alleged that he made a protected disclosure by reporting D.A., T.B., and E.F. to the state nursing boards. We do so here.

The appellant sent the same anonymous letter that he sent to the OIG to two state nursing boards reporting D.A., T.B., and E.F. for various misconduct, including engaging in sexually inappropriate conduct with a patient, incorrectly administering medication and vaccines, falsifying patient records, covering up the misconduct of a subordinate nurse, and inappropriately accessing and taking a photo of the appellant's medical records. IAF, Tab 6 at 80. Accepting these allegations as true, as we must do at the nonfrivolous stage, a disinterested observer could reasonably conclude that the misconduct alleged constitutes a violation of law, rule, or regulation, such as the licensing requirements enforced by the state nursing boards, as well as the Health Insurance and Portability and Accountability Act or the Privacy Act. Further, we find that a disinterested observer could reasonably conclude that the appellant's disclosures evidence a substantial and specific threat to public health and safety, as he accused at least one nurse of providing negligent and harmful care, and he accused the agency of covering up that deficient care. Accordingly, we find that the appellant established a nonfrivolous allegation that he made a protected disclosure by sending the June 14, 2024 letter to the state nursing boards.

<u>The appellant's nonfrivolously alleged that the agency took covered personnel actions against him.</u>

Limiting our review to the personnel actions exhausted before OSC as discussed above, the appellant has alleged that, in retaliation for his protected activity and disclosure, the agency subjected him to fabricated complaints, two details, a retaliatory investigation, a hostile work environment, and the denial and suppression of an award from a nongovernmental entity. PFR File, Tab 1 at 13-14. As the administrative judge found, a detail is a personnel action pursuant to 5 U.S.C. § 2302(a)(2)(A)(iv), and thus, the appellant nonfrivolously alleged that he was subjected to a covered personnel action when the agency detailed him on June 25, 2024, and then again on June 27, 2024. ID at 13; IAF, Tab 6 at 123-24. The administrative judge found that the appellant did not otherwise nonfrivolously allege that he was subjected to a personnel action. ID at 13-15.

With respect to the appellant's retaliatory investigation claim, an investigation is not generally a personnel action under 5 U.S.C. § 2302(a)(2)(A) unless it results in significant change in duties, responsibilities, or working conditions under 5 U.S.C. § 2302(a)(2)(A)(xii). *Spivey v. Department of Justice*, 2022 MSPB 24, ¶¶ 10-12; *see Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020). However, an appellant can make a retaliatory investigation claim by asserting that the investigation was so closely related to the personnel action that it was pretext for gathering information. *Young v. Department of Homeland Security*, 2024 MSPB 18, ¶¶ 14-16, 24. Here, the appellant was detailed prior to the conclusion of the fact-finding investigation, and the stated reason for the details was the allegations of misconduct. IAF, Tab 6 at 24-27, 123-24. Stated another way, the appellant was detailed as a result of the allegations, not the investigation. *Id.* at 123-24. Although the fact-finding investigation did result in a proposed reprimand and issued admonishment, such actions do not rise to the level of significant change necessary to amount to a

nonfrivolous allegation of a retaliatory investigation that would qualify as a personnel action under 5 U.S.C. § 2302(a)(2)(xii).[5] *Sistek*, 955 F.3d at 955-56 (finding that an employee's assertions describing an investigation that resulted in a letter of reprimand did not rise to the level of significant change in working conditions such that it would qualify as a personnel action). Accordingly, we agree with the administrative judge that the appellant failed to nonfrivolously allege that he was subjected to a retaliatory investigation that qualifies as a personnel action under 5 U.S.C. § 2302(a)(2)(xii). ID at 14.

The appellant has also alleged that, in retaliation for his whistleblowing activity, he was subject to a hostile work environment because, among other things, he was the target of fabricated complaints that triggered a fact-finding investigation and two details. PFR File, Tab 1 at 13-14. To constitute an actionable hostile work environment under the whistleblower protection statutes, an agency's actions must, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities. *Skarada*, 2022 MSPB 17, ¶ 16. Allegations that do not individually constitute a covered personnel action may together have a cumulative effect that constitutes a significant change in working conditions. *Id.*, ¶ 18. While the allegations of misconduct against the appellant, on their own, are not independent personnel actions under 5 U.S.C. § 2302(a)(2)(A), these allegations triggered two details, which had a practical and significant effect on the appellant's working conditions, duties, and responsibilities. IAF, Tab 6 at 123-24. Accordingly, contrary to the administrative judge's finding, we find that the appellant has made a nonfrivolous

---

[5] Although the appellant did not prove that he exhausted the proposed reprimand or admonishment as independent personnel actions, because he exhausted the retaliatory investigation claim, we consider the proposed reprimand and admonishment solely for purposes of determining whether the appellant made a nonfrivolous allegation that he was subjected to a retaliatory investigation that qualifies as a personnel action.

allegation that he was subject to a hostile work environment that qualifies as a personnel action under 5 U.S.C. § 2302(a)(2)(xii). ID at 15.

Finally, to the extent that the appellant claims that the agency's suppression or interference with his receipt of an award from a nongovernmental group constitutes a personnel action, we agree with the administrative judge that the appellant has not explained with specificity how the agency is alleged to have denied, delayed, suppressed, or otherwise interfered with his receipt of this award. ID at 15. Such conclusory assertions, absent any details, are not sufficient to meet the nonfrivolous allegation standard. *See Salerno*, 123 M.S.P.R. 230, ¶ 5. Accordingly, we do not find that the appellant nonfrivolously alleged that the agency's actions with respect to this award constitutes a covered personnel action.

<u>The appellant made a nonfrivolous allegation that his protected disclosure to the state nursing boards was a contributing factor in the two details and the creation of the hostile work environment.</u>

The administrative judge did not consider whether the appellant nonfrivolously alleged that his protected disclosure to the state nursing boards was a contributing factor in the covered personnel actions. Accordingly, we do so here.

In order to meet the contributing factor jurisdictional element, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected whistleblowing was one factor that tended to affect the personnel action in any way. *Chambers*, 2022 MSPB 8, ¶ 14. One way that the appellant may do this is through the knowledge/timing test, by nonfrivolously alleging that the official taking the personnel action knew of the whistleblowing and that the personnel action occurred within a period of time such that a reasonable person could conclude that the whistleblowing was a contributing factor in the personnel action. *Id.,* ¶ 15. An appellant can also show that a protected disclosure was a contributing factor in a personnel action by proving that the official taking the

action had constructive knowledge of the protected disclosure. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014). An appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action, otherwise known as the "cat's paw" theory. *Id.*

The appellant has not, with specificity, alleged that the agency's Chief of Staff, who signed the detail notices, had actual knowledge of his disclosure. However, he nonfrivolously alleged that an individual with actual knowledge of his disclosure sufficiently influenced the agency's decisionmakers to satisfy the knowledge prong of the knowledge/timing test. Specifically, in a document gathered during the fact-finding investigation, E.F. stated that, on June 24, 2024, she "received an email from the Board of Nursing that a complaint was made against [her] for going into a veteran patient chart and taking pictures." IAF, Tab 6 at 34. She also stated that she "[knew] for sure" that the report was made either by the appellant or another registered nurse and claimed that she believed the appellant was using "scare[] tactics" against her and was "putting [her] license at risk." *Id.* The same day that she was notified of the complaint against her, E.F., T.B., who the appellant also reported to the state nursing boards, and S.L. reported the appellant for the allegedly inappropriate conduct that was the agency's stated reason for detailing the appellant within 2 days and commencing a fact-finding investigation. *Id.* at 24, 123-24. Accordingly, we find that the appellant nonfrivolously alleged that he meets the knowledge/timing test with respect to the two details and the hostile work environment. *See Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007) (finding that the appellant made a nonfrivolous allegation of knowledge under the knowledge/timing test because he alleged that a person with knowledge of the disclosures influenced the decisionmakers to take action against him).

<u>The appellant is entitled to discovery to meet his jurisdictional burden with respect to establishing a nonfrivolous allegation that his OIG complaint was a contributing factor in the details and the hostile work environment.</u>

Before the administrative judge, the appellant filed a pleading objecting to the agency file as deficient, asserting that the agency excluded relevant evidence, specifically, internal communications such as emails, notes, and memos. IAF, Tab 14 at 4-6, 14-15. The appellant also requested that the administrative judge compel the agency to produce "missing evidence" and allow additional time for discovery. *Id.* at 16. The administrative judge did not address the appellant's request, issuing the initial decision less than 1 week later, finding, in part, that the appellant did not nonfrivolously allege that his OIG complaint was a contributing factor in the personnel actions because there was no indication that any relevant agency actor was aware of his OIG complaint nor did his allegations support an inference that the OIG complaint otherwise contributed to the personnel actions.[6] ID at 13-14. On review, the appellant reiterates that the agency excluded relevant evidence from the agency file, which prejudiced his case because the materials could have established "causation, agency knowledge, and systemic retaliation." PFR File, Tab 1 at 8-9.

To the extent that the appellant asserts that the agency file was deficient, the documents identified as missing by the appellant are more appropriately requested through discovery, not as part of the required agency file, which generally includes items such as the action being appealed, the reasons for the action, and all supporting documentation relied upon by the agency. *See* 5 C.F.R § 1201.25(a)-(e). However, an appellant may request discovery of relevant

---

[6] Although the administrative judge indicated that the appellant cannot establish contributing factor in the absence of any awareness of the OIG complaint, the Board has held that if an appellant has failed to satisfy the knowledge/timing test, it will consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012).

materials to help him meet his burden of establishing the Board's jurisdiction. *Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007). The issuance of the initial decision, less than 1 week after the appellant requested an extension of the discovery period, hindered the appellant's ability to engage in discovery. Accordingly, we find that the appellant is entitled to seek discovery of relevant materials to help him meet his burden of establishing contributing factor with respect to his OIG complaint.

<u>The appellant is entitled to a hearing on the merits.</u>

On remand, the administrative judge shall allow the appellant to engage in discovery in accordance with the Board's regulations and the administrative judge's orders, including, but not limited to, discovery of relevant materials to help him establish a nonfrivolous allegation that his OIG complaint was a contributing factor in the agency's decision to detail him twice and the creation of a hostile work environment. The administrative judge shall then hold a hearing on the merits of his whistleblower reprisal claim and determine whether the appellant has established, by preponderant evidence, that he made protected disclosures to the state nursing boards or engaged in protected activity by filing an OIG complaint, and whether any whistleblowing contributed to the creation of a hostile work environment and the two details. If the appellant meets his prima facie case of whistleblower reprisal, the administrative judge shall then consider whether the agency has established by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's whistleblowing. The administrative judge shall then issue an initial decision identifying all material issues of fact and law, summarizing the evidence, resolving issues of credibility, and including his conclusions of law and his legal

reasoning, as well as the authorities on which that reasoning rests.[7]  *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                          _____
                                                        Gina K. Grippando
                                                        Clerk of the Board

Washington, D.C.

---

[7] In the interest of adjudicatory efficiency, the administrative judge should consider the appropriateness of joining this appeal with the appellant's other pending appeal, MSPB Docket No. SF-1221-25-1314-W-1.